IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID L. REED, | § | |
|     Movant, | § | |
| | § | 3:18-cv-1452-B (BT) |
| v. | § | 3:13-cr-0481-B (BT) (05) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant David L. Reed, a federal prisoner, filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should deny the motion.

I.

On October 1, 2015, Reed pleaded guilty, pursuant to a plea agreement, to conspiracy to unlawfully distribute a controlled substance in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(E)(i). The District Court sentenced him to 180 months' imprisonment. Reed filed a direct appeal, which the Fifth Circuit dismissed due to the appeal waiver in his plea agreement. *United States v. David L. Reed*, No. 16-10464 (5th Cir. May 2, 2017). Reed then filed this § 2255 motion in which he argues his guilty plea was involuntary due to ineffective assistance of counsel. He claims his attorney misinformed him about the maximum penalty for

1

the offense and advised him to plead guilty under a mistaken belief that the District Court could disregard a sentence enhancement. The government filed a response, and Reed filed a reply. Thus, the § 2255 motion is fully-briefed and ripe for determination.

## II.

To prevail on a claim of ineffective assistance of counsel, Reed must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if he proves his counsel's performance was deficient, Reed must still prove prejudice. To prove prejudice, Reed must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must

2

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Because Reed argues his guilty plea was not voluntary due to ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

A. <u>Reed fails to show he received ineffective assistance of counsel.</u>

Reed argues his guilty plea was involuntary because his counsel misinformed him about the maximum penalty for the offense and advised him to plead guilty under a mistaken belief that the District Court could disregard a sentence enhancement under 21 U.S.C. § 851, which increased his statutory maximum sentence from 10 years to 20 years due to a previous drug conviction.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea, however, does not require a trial court to determine that the defendant

3

has a perfect understanding of the consequences. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).

Here, the record is clear that Reed knew the maximum statutory penalty for his offense prior to signing his plea agreement and prior to pleading guilty. On September 27, 2015, the government filed a notice of intent to enhance his sentence under 21 U.S.C. § 851 due to the prior drug conviction. *See* Crim. Case ECF No. 256. The certification on this notice stated the government notified defense counsel of the enhancement on September 21, 2015. On September 29, 2015, Reed signed a plea agreement that acknowledged the maximum statutory sentence of 20 years. Crim. Case ECF No. 265 at 2. Further, at his change of plea hearing, the Court informed Reed that his maximum sentence exposure was 20 years. Crim. Case ECF No. 509 at 11. Reed stated he understood. *Id*. The government also specifically pointed out that the maximum sentence of 20 years was based on the sentence

4

enhancement. *Id.* at 15-16. The Court then asked Reed if he had any questions, and Reed answered "no." *Id.* at 16. Reed has failed to establish his guilty plea was involuntary because he was unaware of the maximum statutory penalty for his offense or that he suffered the required *Strickland* prejudice to establish his ineffective assistance of counsel claim.

Reed also argues his counsel was ineffective when counsel advised him to plead guilty due to counsel's mistaken belief that the Court could disregard the § 851 sentence enhancement. He states he asked his counsel about the enhancement and counsel told him "not to worry about it." ECF No. 1-2 at 1. Reed claims that, if he had known his maximum sentence was 20 years, he would not have pleaded guilty but would have proceeded to trial.

To support his claim that defense counsel thought the Court could strike the enhancement, Reed cites his counsel's sentencing statements where counsel stated Reed "has made some mistakes, and we'd ask the Court to consider the factors of 3553 and, first of all, not – well, first of all, strike the enhancement provision, and give him a sentence more appropriate for his role in the offense." Crim. Case ECF No. 507 at 10. It is unclear from this statement whether defense counsel believed the Court could delete the enhancement provision, or whether defense counsel was arguing that the Court should, in its discretion, sentence Reed to a sentence of no more than 10 years. However, even if the Court assumes that counsel was deficient, Reed has failed to establish that he suffered the required *Strickland* prejudice.

5

After Reed's guilty plea, the government dismissed Counts Two and Three of the superseding indictment. A conviction under Count Two would have required a minimum 7-year sentence, to run consecutively to any other sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii); (PSR ¶ 115). Further, Reed would have also lost the 3 points he received for acceptance of responsibility, which would have raised his guideline range from 151 to 188 months to 210 to 262 months. The Court further found that Reed should be sentenced "toward the top end of the guideline range" stating Reed had, "been just in an out [of prison], kind of a revolving door as far as the criminal justice system. So far the sentences that have been imposed haven't really done anything in terms of keeping you out of getting involved in more serious offenses." Crim. Case ECF No. 507 at 12-13. Reed has failed to establish that but for his counsel's advice to plead guilty, there is a reasonable probability that the result of his proceedings have been more favorable to him.  Therefore, this claim should be denied.

2.  <u>Reed is not entitled to an evidentiary hearing.</u>

Reed requests an evidentiary hearing on his motion. Under § 2255, a hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the record conclusively shows that Reed was informed of the statutory maximum sentence in his plea agreement and by the Court at his change of plea hearing, and he stated he understood his maximum sentence. Additionally, as discussed above, even if

6

Reed's counsel advised him to plead guilty under the mistaken belief that the Court could disregard the § 851 enhancement, Reed has failed to establish the required *Strickland* prejudice. Reed's request for an evidentiary hearing should be denied.

IV.

The Court should DENY Reed's motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255.

Signed July 1, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).