UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID L. REED, § | |
|     Movant, § | |
| § | 3:18-CV-1452-B (BT) |
| v. § | 3:13-CR-0481-B (BT) (05) |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court are Movant David L. Reed's objections to the United States Magistrate Judge's Findings, Conclusions and Recommendation in this case. The District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. For the following reasons, the objections are overruled.

Reed objects that the Magistrate Judge erroneously determined that he failed to establish ineffective assistance of counsel. He argues the sentencing transcript clearly shows defense counsel mistakenly believed the Court could disregard the enhancement paragraph. Although the Magistrate Judge's Findings, Conclusions, and Recommendation stated defense counsel's comments at the sentencing hearing were unclear, the Magistrate Judge specifically found that even if the Court assumed defense counsel was deficient, Reed had failed to establish the required prejudice. This objection is therefore without merit.

Reed also objects that he established prejudice because he alleged that but for his counsel's deficient performance, he would not have pled guilty but would have proceeded to trial. Reed claims, "[t]hat's all that is required[.]" (Objs. at 4.) Reed, however, must do more than merely allege

that he would have proceeded to trial but for counsel's deficient performance. Instead he must "allege that going to trial would have given him a reasonable chance of obtaining a more favorable result." *King v. Davis*, 898 F.3d 600, 605 (5th Cir. 2018). As stated by the Fifth Circuit:

> [D]emonstrating prejudice requires showing not only that the petitioner would have gone to trial, but also "that going to trial . . . would have given him a reasonable chance of obtaining a more favorable result." *United States v. Shepherd*, 880 F.3d 734, 743 (5th Cir. 2018) (alteration in original) (quoting *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) ). *See also Batamula*, 823 F.3d at 241 (ruling allegations and evidence "suggesting only that [petitioner] would have proceeded to trial had he known" are insufficient to demonstrate prejudice); *United States v. Kayode*, 777 F.3d 719, 726 (5th Cir. 2014) ("Another important factor is whether the defendant has demonstrated that he was likely to succeed at trial."). In other words, "counsel's ineffectiveness is only a basis for vacating a conviction if there is a reasonable probability it made a difference to the outcome of the proceeding." *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017). *See also Kayode*, 777 F.3d at 726 ("In assessing whether a reasonable defendant would have rationally chosen to go to trial under the circumstances, we also consider the risks faced by a defendant in selecting a trial rather than a plea bargain.").

*Id*. Here, Reed has submitted no evidence or argument that had he proceeded to trial the outcome would have been more favorable to him. He has failed to establish the required *Strickland* prejudice.

Finally, Reed objects that he is entitled to an evidentiary hearing. He claims there is a factual dispute "as to the pre-plea advice provided to Reed by defense counsel." (Objs. at 5). The Magistrate Judge's Findings, Conclusions, and Recommendation, however, accepted Reed's claim that his counsel provided erroneous pre-plea advice, but found that Reed did not suffer prejudice under *Strickland*. Reed therefore fails to establish a factual dispute entitling him to a hearing.

The Court therefore OVERRULES Reed's objections and ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. §

2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

In the event the Movant files a notice of appeal, the court notes that

( )     the Movant will proceed *in forma pauperis* on appeal.

( X )   the Movant will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 21st day of July, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.